*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* E. KELLER, Minor.

UNPUBLISHED
July 17, 2026
9:27 AM

No. 378032
Clare Circuit Court
Family Division
LC No. 2024-000041-NA

Before: ACKERMAN, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to one minor child. We affirm.

Petitioner, the Department of Health and Human Services, filed the petition that led to this appeal after respondent was charged with, and subsequently pleaded guilty to, third-degree criminal sexual conduct (CSC) against his minor child's mother, who is also respondent's biological daughter. Respondent's parental rights to the mother were terminated in 2003. Shortly after respondent and the child's mother reconnected in 2022, the mother moved in with respondent and he performed an unofficial marriage ceremony. The mother subsequently gave birth to the minor child in this appeal, and later DNA testing confirmed that respondent is the child's biological father.

During the child protective proceedings, respondent admitted that he was the biological father of both the minor child and her mother. He also acknowledged that he pleaded guilty to third-degree CSC against the mother. Ultimately, the trial court found statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*) because respondent had committed CSC against the child's sibling. After finding that termination was in the child's best interests, the trial court terminated respondent's parental rights. This appeal followed.

On appeal, respondent first argues that the trial court erred by finding statutory grounds to terminate his parental rights under MCL 712A.19b(3)(b)(*i*). "A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts Minors*, 297

Mich App 35, 40; 823 NW2d 144 (2012). "Challenges to a court's finding that a statutory ground for termination has been established are reviewed for clear error." *In re Baham*, 331 Mich App 737, 751; 954 NW2d 529 (2020). A clear error "exists when some evidence supports a finding, but a review of the entire record leaves the reviewing court with the definite and firm conviction that the lower court made a mistake." *Id.* (quotation marks omitted).

Termination of parental rights is appropriate under MCL 712A.19b(3)(b)(*i*) if the trial court finds clear and convincing evidence that:

> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:
>
> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

Here, respondent argues that MCL 712A.19b(3)(b)(*i*) does not apply because he was not the mother's *legal* father. However, this argument is misplaced because MCL 712A.19b(3)(b)(*i*) does not require the existence of a legal relationship between the respondent and the victim. *In re Hudson*, 294 Mich App 261, 266; 817 NW2d 115 (2011). It is undisputed that the child and her mother are half-siblings and that respondent is their biological father. Given that respondent pleaded guilty to third-degree CSC against his child's mother, who is also her half-sibling, we are not left with "a definite and firm conviction that the lower court made a mistake" by finding that respondent sexually abused his child's sibling. See *In re Baham*, 331 Mich App at 751. Furthermore, considering this sexual abuse, the trial court did not clearly err by finding a reasonable likelihood that the child would be sexually abused if returned to respondent's care. See *In re Hudson*, 294 Mich App at 266. Therefore, we conclude that the trial court did not clearly err by finding statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*).

Respondent also argues that the trial court erred by finding statutory grounds to terminate his parental rights under MCL 722.638(1)(a)(*ii*). However, this argument lacks merit because the trial court did not rely on MCL 722.638(1)(a)(*ii*) as a statutory basis to terminate respondent's parental rights.

Affirmed.

/s/ Matthew S. Ackerman
/s/ James Robert Redford
/s/ Kathleen A. Feeney